IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAMA KRISHNA MOHAN
BHAMIDIPATI,

      **Plaintiff,**

v.

      Civil Action 2:24-cv-3119
      Judge James L. Graham
      Magistrate Judge Elizabeth P. Deavers

MARCY KAPTUR, et al.,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding without the assistance of counsel, initiated this case in the Supreme Court of Ohio on May 13, 2024. *Bhamidipati v. Sylvania Township Police, et al*, Sup. Ct. Ohio, Case No. 2024-0668. Defendant Kaptur removed this case on June 5, 2024. (ECF No. 1.) On August 29, 2024, the Court noted that "it does not appear that Plaintiff has effectuated service of process on Defendant Sylvania Township Police or Office of Chief of Police, Danilynn Miller or Defendant Jessica Parker as required by Federal Rule of Civil Procedure 4(m)" and ordered Plaintiff to show cause within 14 days why the action should not be dismissed and why an extension of time to effect service should be allowed. (ECF No. 22.) To date, Plaintiff has not responded to the Court's August 29, 2024 Order.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice against Defendant Sylvania Township Police or Office of Chief of Police, Danilynn Miller or Defendant Jessica Parker pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court

orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

On February 27, 2024, the Court cautioned Plaintiff that failure to comply with the Court's Order and Fed. R. Civ. Pro. 4(m) would result in dismissal for failure to prosecute. (ECF No. 22.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant Sylvania Township Police or Office of Chief of Police, Danilynn Miller or Defendant Jessica Parker **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date:  September 25, 2024                                 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE