IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rama Krishna Mohan
Bhamidipati,

      Plaintiff,

v.

Marcy Kaptur, et al.,

      Defendants.

Case No. 2:24-cv-3119
Judge James L. Graham
Magistrate Judge Deavers

## Opinion & Order

### I. INTRODUCTION

Plaintiff Rama Krishna Mohan Bhamidipati, proceeding *pro se*, brings this complaint against Defendants U.S. Representative Marcy Kaptur, Chase Bank ("Chase"), and CMB Wing Lung Bank Limited ("CMB").[1] This matter is before the Court on Defendants' Motions to Dismiss (ECF Nos. 14, 16, 18). For the reasons that follow, Defendants' Marcy Kaptur and CMB Wing Lung Bank's Motions to Dismiss (ECF Nos. 14, 16) are **GRANTED.** The Court will withhold from ruling on Defendant Chase Bank's Motion to Dismiss (ECF No. 18) pending receipt of Plaintiff's amended complaint.

### II. FACTUAL ALLEGATIONS

Plaintiff's claims arise out of events that took place in June 2023. Plaintiff alleges that individuals claiming to represent the Sylvania Township Police engaged in coercion, harassment and intimidation. (ECF No. 6 at 49). Plaintiff also alleges that these individuals accused him of engaging in various crimes including drug trafficking, money laundering and terrorism. *Id.* Plaintiff alleges that the unnamed individuals informed him that he would be arrested and his savings would be "seized" if he failed to comply with their demands. *Id.* at 2. Plaintiff claims that

---

[1] Plaintiff's claims against Defendants Jessica Parker and the Sylvania Township Police Department were dismissed for failure to prosecute or comply with Court orders. (ECF No. 27).

1

he was "fearful of being arrested" and followed their demands to transfer $171,000 to a newly opened Chase Bank account. *Id.* at 49-50. The funds were subsequently transferred to accounts at CMB Wing Lung Bank in Hong Kong. *Id.*

Upon realizing that he was the victim of a fraudulent scheme, Plaintiff alleges that he reached out to Defendants Kaptur, CMB Wing Lung Bank, and Chase Bank for help in recovering his money. *Id.* at 54-55. Specifically, Plaintiff alleges that he reported the fraudulent activities to Chase Bank "within the required timeframe." (ECF No. 6 at 5). Despite this, Plaintiff alleges that the Defendants did not sufficiently assist him and therefore believes Defendants owe him $171,000 as restitution for the money he lost, as well as unspecified compensation for the trauma, pain and distress he endured. Defendants separately deny any wrongdoing and assert that Plaintiff seeks to hold the wrong parties accountable for his losses.

### III. PROCEDURAL BACKGROUND

Plaintiff initiated this case in the Supreme Court of Ohio on May 13, 2024. Defendant Congresswoman Marcy Kaptur removed this case on June 5, 2024. (ECF No. 1). Each Defendant filed a separate Motion to Dismiss: CMB on July 11, 2024 (ECF No. 14); Kaptur on July 12, 2024 (ECF No. 16); and JPMorgan Chase Bank on July 23, 2024. (ECF No. 18). Plaintiff filed a response in opposition on July 30, 2024 (ECF No. 20). This matter is fully briefed and ripe for disposition.

### IV. MOTION TO DISMISS STANDARD OF REVIEW
#### A. Fed. R. Civ. P. 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

2

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

V. **DISCUSSION**

1. *Plaintiff's Claims Against Congresswoman Kaptur are Without Merit and are Barred by Sovereign Immunity*

Defendant Congresswoman Kaptur moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff's claims against her are barred by sovereign immunity. (ECF No. 16 at 11). Defendant

Kaptur claims that since Plaintiff has sued her in her official capacity, sovereign immunity "precludes this action absent an 'unequivocally expressed' waiver of immunity." *Id.* at 10.

The United States is immune from suit unless it consents to be sued and defines the court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014). This immunity extends to individual Members of Congress when sued in their official capacities. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("Sovereign immunity extends to agencies of the United States or federal officers acting in their official capacities."). The burden is on Plaintiff to demonstrate that a waiver of sovereign immunity exists. *See Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). If Plaintiff fails to demonstrate an applicable waiver, the complaint should be dismissed on jurisdictional grounds.

Here, Plaintiff attempts to sue Defendant Kaptur in her official capacity as a Member of Congress. In his Complaint, Plaintiff lists Defendant Kaptur as Congresswoman Marcy Kaptur and lists the address of the Congresswoman's Toledo office. (ECF No. 6 at 2). Furthermore, Plaintiff fails to demonstrate that a waiver of sovereign immunity exists in this case. As a result, the Court finds that Defendant Congresswoman Marcy Kaptur's motion to dismiss based on the protection from suit under sovereign immunity is well founded.

Defendant Congresswoman Marcy Kaptur also argues that the Complaint contains "very minimal" allegations against her. (ECF No. 16 at 16). Defendant Kaptur further states that the Complaint does not allege any claim for relief. Even assuming that Plaintiff brings a claim for negligence, he fails to establish the elements of negligence. *Id.* Under Ohio law, "the necessary elements of an ordinary common-law negligence cause of action … [are] that the defendant (1) owed a duty of care to the plaintiff, (2) that the defendant breached that duty, and (3) that the breach proximately caused the defendant's injury." *Mid-Continent Ins. Co. v. Coder,* 563 F. App'x 422, 427 (6th Cir. 2014). Defendant Kaptur argues that Members of Congress are under no legal duty to provide responses to any specific request. *See, e.g., Richards v. Harper*, 864 F. 2d 85, 88 (9th Cir. 1988); *see also De Masi v. Schumer*, 608 F. Supp. 2d 516, 525 n.12 (S.D.N.Y. 2009) ("[C]ourts have recognized that elected members of the House and Senate cannot be sued simply because a constituent believes that member has failed to take a certain action or respond to the constituent's request for assistance.").

The Court agrees with Defendant Kaptur and finds that Plaintiff has failed to state a claim upon which relief may be granted against the Congresswoman. The facts, as plead, are completely devoid of any plausible allegations of wrongdoing on the part of the Congresswoman or her office. Therefore, Plaintiff's presumed claim for negligence against Defendant Kaptur is without merit.

2. *Plaintiff Fails to State a Claim for Relief Against CMB Wing Lung Bank*

Defendant CMB Wing Lung Bank moves for dismissal under Fed. R. Civ. P. 12(b)(2) on the grounds that it is not subject to personal jurisdiction in this Court. Defendant CMB Wing Lung Bank argues that it is not subject to general or specific jurisdiction because it is not "at home" in Ohio and Plaintiff cannot show that his claims arise out of or relate to Defendant's contacts with the state of Ohio.

General personal jurisdiction exists in the state where "the corporation is fairly regarded as at home." *Grigoryev v. Washington and Lee Univ.*, 2022 WL 1154758, at *1 (S.D. Ohio April 19, 2022) (Graham, J.) (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017)). "Corporations are fairly regarded as at home in their state of incorporation and principal place of business." *Id*. (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

Plaintiff fails to allege that Defendant CMB is "at home" in the state of Ohio. Plaintiff does not allege that Defendant CMB is incorporated in or has its principal place of business in Ohio. In fact, Defendant CMB is a Hong Kong bank with its principal place of business in Hong Kong. Accordingly, the Court agrees with Defendant that it is not subject to general jurisdiction in this court.

Turning to specific jurisdiction, a court may exercise specific jurisdiction over a defendant if it is "authorized by the law of the state in which the court sits and is in accordance with the Due Process Clause of the Fourteenth Amendment." *Grigoryev*, 2022 WL 1154758, at *2. Under Ohio's long arm statute, nine specific acts can form the basis of personal jurisdiction over a non-resident defendant. These acts are:

> "(1) Transacting any business in this state; (2) Contracting to supply services or goods in this state; (3) Causing tortious injury by an act or omission in this state; (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of

5

conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state . . . ; (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons . . . ; (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity. (8) Having an interest in, using, or possessing real property in this state; (9) Contracting to insure any person, property, or risk located within this state at the time of contracting."

R.C. 2307.382.

Defendant CMB asserts that Plaintiff's allegations fail to satisfy any of enumerated reasons under Ohio's long-arm statute. The Court agrees with Defendant. Plaintiff fails to allege that his claims arose from Defendant transacting business in the state of Ohio, contracting to supply services or goods in Ohio, having an interest in, using or possessing real property in Ohio, or contracting to insure any person, property or risk located in Ohio. Additionally, Plaintiff fails to allege that Defendant CMB caused his alleged injuries, as outlined in Sections 3 through 7 of Ohio's long-arm statute.

As correctly asserted by Defendant, the sole nexus connecting Defendant to Ohio is that Plaintiff, a resident of the state of Ohio, instructed Defendant Chase Bank to transfer funds from Ohio to Defendant CMB in Hong Kong. This act alone fails to satisfy the requirements under Ohio's long arm statute. Therefore, the Court finds that Defendant CMB Wing Lung Bank is not subject to specific jurisdiction.

Defendant CMB Wing Lung Bank also makes an argument for dismissal under Fed. R. Civ. P. 12(b)(6). Defendant CMB alleges that Plaintiff's Complaint is "fatally devoid of any facts stating a claim" and fails to provide CMB notice of what Plaintiff's claim is and the "grounds upon which he makes his claim." (ECF No. 14 at 11). Defendant CMB further argues that even assuming that Plaintiff's claim against it is for aiding or abetting fraud, Plaintiff's claim fails. *Id.* A civil cause of action for civil aiding and abetting is not recognized under Ohio law. *See Blake v. Wells Fargo Bank, A,* 916 F. Supp 2d 839, 843 (S.D. Ohio 2013). Defendant further argues that even if

6

Ohio law recognized such a claim, the claim should be dismissed because the remedies Plaintiff seeks are beyond what this Court may order. Plaintiff asks the Court to:

> (i) [u]tilize diplomatic channels and engage with relevant international bodies, including the United Nations Security Council, to pressure CMB Wing Lung Bank in Hong Kong for the immediate return of [his] stolen funds; (ii) [e]nsure that adequate compensation is awarded to me for the trauma, pain, and distress endured over the past 11 months as a result of this egregious financial crime; and (iii) [a]dvocate for the revocation of CMB Wing Lung Bank's banking license due to its complicity in facilitating illicit transactions and failure to uphold international banking standards.

(ECF No. 1 at 7).

Here, the Court finds that Plaintiff's assertions fail to state a claim against Defendant CMB. After a review of the allegations contained in the Complaint, the Court cannot identify any facts which would support a claim against CMB. Furthermore, the Court agrees the remedies Plaintiff seeks could not be granted by this Court. Under the separation of powers, "the political branches, not the Judiciary, have the responsibility and institutional capacity to weigh foreign-policy concerns." *Hernandez v. Mesa,* 589 U.S. 93, 103-04 (2020). Matters relating to the conduct of foreign relations, like the remedies requested by Plaintiff, are immune from judicial inquiry or interference. *Id.* at 104. As applied here, this Court is precluded from ordering the United Nations Security Council to "pressure CMB Wing Lung Bank." It is also outside of the purview of this court to "advocate for the revocation of CMB Wing Lung Bank's banking license." Therefore, the Court finds that Plaintiff's claims against Defendant CMB are not well taken.

   3.  *Liability of JPMorgan Chase Bank*

The third and final remaining Defendant, JPMorgan Chase Bank, N.A., also moves for dismissal under Fed. R. Civ. P. 12(b)(6). Defendant Chase Bank argues that Plaintiff's claims against it fail because Article 4A of the Uniform Commercial Code ("UCC") exclusively governs rights and liabilities relating to wire transfers. (ECF No. 18 at 4). Defendant Chase Bank argues that Plaintiff's common law complaint contains no allegations that it failed to comply with its obligations under UCC 4A. Defendant Chase Bank states that since Plaintiff's claim is one relating to wire transfers, Article 4A of the UCC is the "exclusive avenue for relief." (Id. at 5).

Article 4A of the UCC, codified as Title 13 of the Ohio Revised Code (§ 1304.01), covers wire transfers, also known as "funds transfers." A funds transfer is defined as:

7

> [a] series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order that are completed by acceptance by the beneficiary's bank of a payment order for the benefit of the beneficiary of the originator's payment order.

R.C. § 1304.51(A)(6). As adopted in Ohio, Article 4A is "intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the chapter." R.C. § 1304.52, Official Comment. Applying Ohio law, courts have held that common law claims are displaced by Article 4 of the UCC because it establishes "the standard of care applicable to a bank's handling of a negotiable instrument…" *Metz v. Unizan Bank*, No. 5:05 CV 1510, 2006 WL 8427066 at *11 (N.D. Ohio Feb. 28, 2006); see *Baggott v. Piper Aircraft Corp.*, 101 F. Supp. 2d 556, 561 (S.D. Ohio 1999) ("There is nothing in the Uniform Commercial Code which indicates that the Ohio General Assembly intended its provisions to be duplicative of the common law it supplanted." Furthermore, courts have reached the conclusion that "the UCC preempts common law claims arising out of wire transfers." *Zeal Glob. Servs. Private Ltd. V. Suntrust Bank*, 508 F. Supp. 3d 1303, 1310 (N.D. Ga. 2020).

      Under Ohio law, Article 4A has been interpreted as "a deliberate decision … to write on a clean slate and treat a [wire] transfer as a unique method of payment to be governed by unique rules that address the particular issues raised by this method of payment." R.C. § 1304.52, Official Comment. However, the parties cannot disclaim by agreement the "bank's responsibility for its lack of good faith or failure to exercise ordinary care or limit the measure of damages for the lack or failure." R.C. 1304.03; see *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 864 F.3d 455 (6th Cir. 2017) (Holding that "the U.C.C., and by implication the O.R.C., expressly forbids a bank from disclaiming all of its liability to exercise ordinary care and good faith").

      Plaintiff has to show that Chase Bank knew or should have known facts that would raise reasonable suspicion about the fraudulent nature of the transaction prior to transmitting Plaintiff's funds to CMB Wing Lung Bank in Hong Kong, or that Chase Bank had the ability to reverse the transactions after discovering facts that would raise such reasonable suspicion. Plaintiff has not alleged such facts although he does state that "Chase Bank demonstrated a shocking lack of accountability and responsibility by either allowing these transactions to proceed unchecked or by failing to place a hold on the transactions for a considerable amount of time, despite being notified of the fraudulent nature of the activities." (ECF No. 6 at 6). He fails to state when Chase Bank was

notified of the fraudulent nature of the activities. These allegations are not sufficient. However, the Court will grant Plaintiff leave to amend his complaint if he does have a sufficient factual basis for his claim against Chase Bank. Plaintiff is instructed to file his amended complaint no later than fourteen days after the issuance of this Order.

### VI. CONCLUSION

For the above reasons, the Court **GRANTS** Defendants Representative Marcy Kaptur and CMB Wing Lung Banks's Motions to Dismiss. (ECF No. 14, 16). The Court will withhold from ruling on Defendant Chase Bank's Motion to Dismiss (ECF No. 18) pending receipt of Plaintiff's amended complaint. Plaintiff has **FOURTEEN DAYS** to file his amended complaint. Plaintiff's Motions for Expedited Justice (ECF No. 23, 24, 28) are **DENIED** as moot.

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 20, 2025